MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Ojendez Felix, | No. CV-26-03123-PHX-SHD (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner filed this action through counsel under 28 U.S.C. § 2241 challenging his immigration detention.  (Doc. 1.)

Petitioner, a citizen of Mexico, asserts that he has been in ICE custody since December 11, 2025.  (Doc. 1 at 8.)  On February 20, 2026, this Court granted Petitioner's previous Petition for Writ of Habeas Corpus and ordered that Petitioner be provided a bond redetermination hearing since his detention is governed by 8 U.S.C. § 1226, not § 1225. (*Id*. at 2, citing *Felix v. Unknown Party et al*., CV-26-01214-PHX-SHD (ASB) (D. Ariz.).) Petitioner states that a bond redetermination hearing was held on February 26, 2026, and the immigration judge denied bond because Petitioner "failed to meet his burden of proving he is not a flight risk if released on bond."  (*Id*.)  Petitioner argues that his February 26, 2026 bond hearing was not constitutionally valid since the Court placed the burden on Petitioner to establish that he was not a flight risk, and DHS provided no evidence or argument that Petitioner was a flight risk.  (*Id*.)  Petitioner argues that his detention is unlawful and arbitrary because the immigration judge did not apply an individualized

determination as to whether he was a flight risk unlikely to appear for immigration court but solely relied on a removal order in violation of Petitioner's Fifth Amendment due process rights. (*Id*. at 9-10.) Petitioner seeks release from custody, or in the alternative, for this Court to hold its own custody hearing. (*Id*. at 10.)

An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017). Nevertheless, courts retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024). And while a district court has jurisdiction to review mixed questions of law and fact, it must be careful not to encroach upon "the IJ's discretionary weighing of the evidence." *Slim v. Nielson*, CV-18-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008), 534 F.3d at 1058 ("[D]iscretionary decisions granting or denying bond are not subject to judicial review.") (citing 8 U.S.C. § 1226(e)).

In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195–96 (9th Cir. 2022), the Ninth Circuit considered whether it was a due process violation to place the burden on the detainee to establish he is neither a flight risk nor a danger. The Ninth Circuit concluded such a scheme did not constitute a due process violation and specifically addressed *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), indicating even if it remains good law, its application is cabined to detention under 8 U.S.C. § 1226(c) when detention has become prolonged. *Id*. at 1202. Similarly, the Third Circuit also rejected a habeas corpus claim by an immigration detainee who argued that the government should bear the burden of proof in a § 1226(a) bond hearing, concluding that placing the burden on the detainee does not

violate the Constitution. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).

Petitioner alleges the immigration judge "did not apply an individualized determination as to whether he was a flight risk unlikely to appear for immigration court, but solely relied on a removal order in violation of Petitioner's Fifth Amendment due process" rights. (*Id*. at 9-10.) This is too conclusory to show that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008). The Petition will therefore be dismissed with leave to amend.

Within 30 days, Petitioner may submit an amended petition. An amended petition supersedes the original Petition. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any ground for relief that was raised in the original Petition and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended petition. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED:**

(1)    Petitioner's § 2241 Petition (Doc. 1) is **dismissed** with leave to amend. Petitioner has **30 days** from the date of filing of this Order to file an amended § 2241 petition in compliance with this Order.

(2)    If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

Dated this 6th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 3 -